ALVERSON TAYLOR & SANDERS
LEANN SANDERS, ESQ.
Nevada Bar No. 00390
WILLIS BOWDEN, ESQ.
Nevada Bar No. 014832
6605 Grand Montecito Pkwy., Suite 200
Las Vegas, NV 89149
(702) 384-7000
*Attorneys for Defendant*
*Longs Drug Stores California, LLC.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Eleanor Konrad, | CASE NO.: |
| Plaintiff, | |
| vs. | **PETITION FOR REMOVAL** |
| LONGS DRUG STORES CALIFORNIA, L.L.C., | |
| Defendant. | |

Pursuant to 28 U.S.C. § 1446, Defendant LONGS DRUG STORES CALIFORNIA, L.L.C., ("Longs Drug Store") hereby removes this civil action from the District Court of Clark County, Nevada (the "State Court"), to the United States District Court for the District of Nevada (the "Court"). As grounds for removal, Defendant Longs Drug Stores California states as follows:

/ / /

/ / /

/ / /

/ / /

1                                                                                                 LS-27068

# I.

## PLEADINGS AND SERVICE

1. On or about February 1, 2021, the plaintiff Eleanor Konrad ("Plaintiff") commenced this action in the State Court by filing the Complaint.

2. Defendant Longs Drug Stores was served with a Summons and Complaint in this matter on February 9, 2021. A true and correct copy of the Complaint and Summons is attached hereto as **Exhibit "2"**.

3. On February 22, 2021 Defendant Longs Drug Stores was served with a summons and Plaintiff's First Amended Complaint. A true and correct copy of the Complaint and Summons is attached hereto as **Exhibit "3"**.[1]

4. Plaintiff asserts claims of negligence in connection with an alleged slip and fall injury. See generally, Plaintiff's First Amended Complaint. Longs Drug Stores California has not yet answered or otherwise responded to either Complaint.

# II.

## REMOVAL IS PROPER IN THIS CASE

**A.  Removal is Timely and Amount in Controversy Exceeds $75,000.**

5. This Notice of Removal is being timely filed within 30 days after Longs Drug Stores California received copies of Plaintiff's initial Complaint and Summons pursuant to 28 U.S.C. § 1446(b).

6. The nature of Plaintiff's injury demonstrates that the amount in controversy exceeds $75,000. Where, as here, the Complaint does not allege a specific amount of damages claimed, a defendant can establish the amount in controversy by setting forth facts in the notice of removal that demonstrate that it is "more likely than not" that the amount in controversy exceeds $75,000. *See, e.g.*, *JCW Mini Mart, LLC v. Peerless Indem. Ins. Co.*, 2:12-CV-01943-GMN, 2013 WL 2355528 (D. Nev. May 29, 2013) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996)).

---

[1] Plaintiff's First Amended Complaint removed the incorrectly named Defendants; Longs Drug Stores, L.L.C. and CVS Pharmacy, Inc.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

7. The claims for relief set forth in Plaintiff's Complaint will seek to exceed seventy-five thousand dollars ($75,000.00). Although Defendant will be denying the material allegations and damages in Plaintiff's Complaint, the matter seeks to recover damages due to head and body injuries purportedly sustained after tripping and falling as an alleged result of a "dark blue plastic storage box" used for restocking that was on the floor. *See,* Plaintiff's First Amended Complaint ¶ 7. Plaintiff indicates that as a direct and proximate result of the incident, she suffered injuries in and about the spine, body, limbs, organs and systems, and otherwise injured and was caused to suffer great pain of body and mind, all or some of the same are permanent and disabling conditions. Id. at ¶ 31. Plaintiff seeks general damages in excess of Fifteen Thousand Dollars ($15,000); medical and incidental expenses incurred and to be incurred; and costs of suit, attorney fees, pre- and post-judgment interest. Id. at ¶¶ 32–33.

8. Additionally, the amount in controversy requirement is met here because the severity of injuries alleged make it "facially apparent that the claims are likely above" the requisite amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); see also *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress…could be valued at $75,000 or more"). Moreover, on February 22, 2021, Bruce Tingey, Esq., counsel for Plaintiff represented that Plaintiff has already incurred approximately ninety-thousand dollars ($90,000.00) in past medical expenses. Thus, based on the nature of this matter, and the claimed permanent disability, and Plaintiff's own representation; Plaintiff will clearly seek an excess of $75,000.00, in excess of the jurisdictional amount, exclusive of interest and costs.

9. Accordingly, the amount in controversy exceeds $75,000, and removal is proper under 28 U.S.C. § 1332(a).

**B.      There is Complete Diversity Among All Proper Parties.**

10. Upon information and belief, Plaintiff is now, and was at the time of filing the Complaint, a citizen of the State of Nevada. Id. at ¶ 1.

11. Longs Drug Stores California, L.L.C. is a California Limited Liability Company, whose sole member is Longs Drug Stores, L.L.C., which is a Maryland L.L.C., whose sole member is CVS Pharmacy, Inc., a Rhode Island corporation. CVS Pharmacy, Inc.'s principal place of business is One CVS Drive, Woonsocket, Rhode Island. The Supreme Court held in *Carden* unincorporated entities for purpose of diversity jurisdiction are residents where "all members" are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185,195-96, 110 S. Ct. 1015, 1021 (1990). Therefore, since CVS Pharmacy, Inc., is a citizen of Rhode Island, Longs Drug Stores is also a citizen of the State of Rhode Island for purposes of determining diversity.

12. The Defendants sued as DOES I through X, inclusive, are fictitious parties and are not relevant to the determination of subject matter jurisdiction. *See* 28 U.S.C. §1441(b)(1) ("In determining whether a civil action is removable . . . the citizenship of defendants sued under fictitious names shall be disregarded").

13. Accordingly, there is complete diversity among the parties, and removal is proper under 28 U.S.C. § 1332(a).

**C.   Venue and Other Requirements Are Satisfied.**

14. The United States District Court for the District of Nevada includes Clark County, the county in which the action is currently pending. Thus, this Court is the proper venue for removal pursuant to 28 U.S.C. § 1441(a).

15. Longs Drug Stores California has provided notice of the removal of this action to Plaintiff and to the State Court by filing a "Removal Notice," together with a copy of this "Notice of Removal," in the State Court and by serving copies of the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

16. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Longs Drug Stores California are attached hereto.

17. By removing this case to federal court, Longs Drug Stores California does not consent to personal jurisdiction or waive any claims, defenses or objections regarding personal jurisdiction; does not waive any claims, defense or objections regarding the timeliness of and/or deficiencies in service of process upon Defendant; does not waive any claims, defenses or

objections regarding whether the State or Federal Courts of Nevada are the proper forum for this litigation; and does not waive any of its' defenses or objections under Federal Rule of Civil Procedure 12(b) or otherwise, including its right to have this dispute submitted to arbitration or decided by other means of alternative dispute resolution.

18. Defendant demands a trial by jury on all issues triable by jury.

WHEREFORE, Defendant Longs Drug Stores respectfully requests the removal of the above-captioned action to this Court.

DATED this 2nd day of March, 2021

ALVERSON TAYLOR & SANDERS

*/s/ LeAnn Sanders*

By: _____
ALVERSON TAYLOR & SANDERS
LEANN SANDERS, ESQ.
Nevada Bar No. 000390
WILLIS BOWDEN, ESQ.
Nevada Bar No. 014832
6605 Grand Montecito Pkwy., Suite 200
Las Vegas, NV 89149
*Attorneys for Defendant*
*Longs Drug Stores California, LLC.*

# **CERTIFICATE OF ELECTRONIC SERVICE**

Pursuant to FRCP 5, I hereby certify that I am an employee of ALVERSON TAYLOR & SANDERS and that on the 2nd day of March, 2021, I caused to be served via CM/ECF a true and correct copy of PETITION FOR REMOVAL to the following:

Bruce Tingey, Esq.
bruce@tingeylawfirm.com
TINGEY INJURY LAW FIRM
817 S. Main Street
Las Vegas, NV 89101
702-333-0000 Phone
*Attorneys for Plaintiff*

*Gena Thompson*
_____
Employee of ALVERSON TAYLOR & SANDERS

l:\cases\27068\pleadings\petition for removal.doc