ALVERSON TAYLOR & SANDERS
LEANN SANDERS, ESQ.
Nevada Bar No. 00390
KARIE WILSON, ESQ.
Nevada Bar No. 07957
6605 Grand Montecito Pkwy., Suite 200
Las Vegas, NV 89149
(702) 384-7000
*Attorneys for Defendant*
*Longs Drug Stores California, LLC.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELEANOR KONRAD, | ) CASE NO.:   2:21-CV-354-JAD-NJK |
|                 Plaintiff, | ) |
| vs. | ) |
| LONGS DRUG STORES CALIFORNIA, L.L.C., | ) |
|                 Defendant. | ) |

**STIPULATION AND (PROPOSED) ORDER TO EXTEND DISCOVERY**
**(FIRST REQUEST)**

COMES NOW Plaintiff ELEANOR KONRAD and Defendant LONGS DRUG STORES LLC, by and through their respective counsel of record, and herein stipulate, agree and make joint application to extend the discovery period for ninety (90) days.

. . .

. . .

. . .

. . .

. . .

1

KW-27068

## I. INTRODUCTION

Plaintiff's claims arise out of an alleged slip and fall on Defendant's premises on April 15, 2020. Plaintiff filed her Complaint in the District Court of Clark County, Nevada on February 1, 2021, and subsequently filed an Amended Complaint on February 22, 2021. Defendant Longs Drug Stores removed this matter to the United States District Court for the District of Nevada on March 2, 2021.

Pursuant to the Joint Discovery Plan and Scheduling Order filed on April 9, 2021, discovery is currently set to close on September 28, 2021. Dispositive motions must be filed no later than October 28, 2021, and the Joint Pretrial Order must be filed by November 29, 2021. Due to delays associated with obtaining relevant witness testimony, the parties have agreed to extend the close of discovery deadline by ninety (90) days.

## II. DISCOVERY COMPLETED TO DATE

1. Defendant Longs Drug Stores LLC served Plaintiff its initial Interrogatories, Requests for Admissions, and Requests for Production on May 3, 2021;

2. Plaintiff served her responses to Defendant's Initial Interrogatories, Requests for Admissions, and Requests for Production on June 4, 2021;

3. Plaintiff served her initial Interrogatories, Requests for Admissions, and Requests for Production to Defendant on July 7, 2021;

4. Defendant Longs Drug Stores LLC served its responses to Plaintiff's Initial Requests for Admissions on August 13, 2021;

5. Defendant Longs Drug Stores LLC served its responses to Plaintiff's Initial Requests for Production on August 17, 2021;

6. Defendant Longs Drug Stores LLC served its responses to Plaintiff's Initial Interrogatories on August 18, 2021; and

7. The deposition of Plaintiff Eleanor Konrad was conducted on September 16, 2021.

### III. DISCOVERY REMAINING

1. Deposition of FRCP 30(b)(6) witness for Defendant;

2. Deposition of Amanda Stewart;

3. Deposition of Latisha Springs;

4. Deposition of Plaintiff's treating physician, Dr. Daniel Batlan;

5. Deposition of Plaintiff's treating physician, Dr. Craig Tingey; and

6. Depositions of additional witnesses as may be identified through discovery.

### IV. REASONS WHY DISCOVERY SHOULD BE EXTENDED

The depositions of Plaintiff's treating physicians are currently noticed for September 28, 2021; however, these depositions are not expected to proceed on this date as the parties have not received confirmation of availability from either Dr. Tingey or Dr. Batlan. Dr. Batlan will not agree to confirm a deposition date, until a deposition date has been confirmed by Dr. Tingey. The depositions of former CVS employees Amanda Stewart and Latisha Springs have been difficult to coordinate as they are no longer employed by CVS and will have to be subpoenaed for depositions. Ms. Stewart had previously informally agreed to appear for a deposition on September 16, 2021 but failed to appear. Additionally, the deposition of a corporate representative for CVS pursuant to FRCP 30(b)(6) still needs to be conducted. The records for Plaintiff's pre-existing conditions were disclosed on July 12, 2021 and July 30, 2021 and it required time for Defendant to analyze all medical records produced in the discovery, and Plaintiff was only recently deposed on September 18, 2021. Due to the number of depositions to be conducted and the September 28, 2021 close of discovery, the parties request that the discovery deadlines be extended ninety (90) days to allow the parties a fair opportunity to conduct these depositions and evaluate the information obtained through discovery.

Nevada District Court Local Rule 26-3 provides that the parties must show good cause for a discovery extension. A showing of good cause includes the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). The good cause inquiry often focuses on the movant's diligence. *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294-95 (9th Cir. 2000). If a party cannot reasonably meet a discovery deadline despite the diligence of the party seeking the extension, then good cause to extend a discovery deadline exists. *Johnson*, 975 F.2d at 609.

The parties seek only for the extension of the discovery deadline to better assess the circumstances surrounding the subject incident, through the depositions of the two former employees who were present at the time of the incident, and to better assess Plaintiff's injuries through her treating physicians' testimony. Nevada District Court Local Rule 26-3 provides that if a request to extend a deadline is made after the subject deadline has passed then it will not be granted unless the moving party demonstrates that the failure to meet the deadline was the result of excusable neglect. In *Clark v. Coast Hotels & Casinos, Inc.,* the Nevada Supreme Court adopted the Black's Law Dictionary definition of excusable neglect as a failure " to take some proper step at the proper time, not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party." 130 Nev. 1164 (2014). Moreover, the Ninth Circuit has held that "the determination of whether neglect is excusable is an equitable one that depends on the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

Here, the parties have conducted extensive discovery with the intent to seek to resolve this matter through settlement. The parties have been diligent in their discovery efforts, but circumstances have simply prevented the parties from completing these necessary depositions, thereby requiring that these depositions be conducted beyond the original discovery period. Any neglect in coordinating these depositions was excusable because it was not based on any carelessness or willful disregard for the court's processes; rather, it was caused by the extensive medical records produced, the issues coordinating the depositions of CVS' former employees, and the difficulty in obtaining confirmed deposition availability for Plaintiff's treating physicians.

The parties do not seek to cause undue delay by requesting to extend these deadlines; rather, the parties seek to have sufficient time to assess all sides of liability to obtain a resolution on the merits. Once these depositions are completed, the parties may be in the position to participate in a settlement conference or mediation. As such, failure to complete discovery in the original timeframe was not because of any inaction on the part of the moving party but rather because of the complexity of Plaintiff's alleged injuries and the difficulty of scheduling depositions of CVS's former employees. This is the parties' first request for a discovery continuance.

### V.   PROPOSED SCHEDULE FOR COMPLETE DISCOVERY

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Add Parties/ Amend Pleadings | June 30, 2021 | Closed |
| Expert Disclosures | July 30, 2021 | Closed |
| Rebuttal Expert Disclosures | August 30, 2021 | Closed |
| Close of Discovery | September 28, 2021 | December 27, 2021 |
| Dispositive Motions | October 28, 2021 | January 26, 2022 |

The parties have entered this Stipulation in an effort to complete discovery and participate in a settlement conference or mediation. It is not the intent of the parties to delay the conclusion of this matter. The parties wish to obtain any and all necessary information, through formal discovery, to evaluate this case for further settlement purposes and to prepare the case for trial. No trial date has been scheduled. The parties have acted in good faith in this matter in terms of complying with discovery deadlines but require additional time for discovery.

| | |
|---|---|
| Dated this 22nd day of September 2021. | Dated this 22nd day of September 2021. |
| ALVERSON TAYLOR & SANDERS | TINGEY INJURY LAW FIRM |
| /s/ (signature) | /s/ Justin Dewey, Esq. |
| LEANN SANDERS, ESQ.<br>Nevada Bar No. 000390<br>KARIE WILSON, ESQ.<br>Nevada Bar No. 007957<br>6605 Grand Montecito Pkwy., Suite<br>Las Vegas, NV 89149<br>*Attorneys for Defendant*<br>*Longs Drug Stores California, LLC.* | BRUCE TINGEY, ESQ.<br>Nevada Bar No. 005151<br>JUSTIN DEWEY, ESQ.<br>Nevada Bar No. 014508<br>200 817 S. Main Street<br>Las Vegas, NV 89101<br>*Attorneys for Plaintiff* |

**ORDER TO EXTEND DISCOVERY**

**IT IS SO ORDERED.**    NO FURTHER EXTENSIONS WILL BE GRANTED.

Dated September 23, 2021

_____
UNITED STATES MAGISTRATE JUDGE